Mr. LeBruyne May I please the court, Lawrence LeBruyne on behalf of the appellant, Ms. Anna Gristina. Your Honor, the court opposition is that the court should abstain in this matter under the Younger Doctrine, because at this point in time, as a threshold matter, there is nothing to abstain from. The appellant exhausted the state process prior to coming to this court. So there's no other state proceedings pending related to this matter. But is it now? So I guess that means that you could file a new action now if the problem is Younger abstention, right? But at the time that you filed, there was an ongoing proceeding, right? Correct. At the time that I filed, there was an ongoing proceeding. Yes, sir. But there's not now because the Court of Appeals entered a final ruling in that matter. Right. But is it not right that usually we do decide whether to abstain based on the situation as it stands at the time of filing? Well, that's what's been put forth by the opposing side, and that's what the Supreme Court said in Huffman. But the facts in this case are different from the facts in Huffman. In Huffman, in that case, the person, the parties, never did take an appeal. In this case, the appellant did take an appeal. So factually, we're dealing with two different fact patterns in that. In that case, exhaustion didn't take place. In this case, exhaustion did take place. And we submit that exhaustion was not even necessary in this case based on the facts of the case and the type of proceeding that was involved. Our position is that younger abstention wouldn't be appropriate for the simple fact that these issues were never litigated, the constitutional issues were never litigated in a state court matter. Also, this is not the type of case that younger abstention was designed for. The underlying civil case was not criminal. It was not a civil enforcement proceeding. Well, not only that, but the underlying case, the prosecution of your client had terminated well before, right? Correct. So if a federal court had become involved in whether the minutes should be sealed or unsealed, it would not have disrupted any other ongoing proceeding, right? The court is correct. No, it would not have. Usually, in younger abstention, the question is whether a court is going to throw a wrench into some kind of ongoing proceeding. Correct. Even on this prompt that orders uniquely in furtherance of the court's ability to run the court's judicial system, here, there's just a very narrow question about whether these minutes should remain sealed or unsealed well after the fact, well after the proceeding is terminated, right? We agree. Our position is that they should not remain sealed for the defendant in a criminal case. Also, even though we're not— Can you tell me a little bit about—so why is it so important to your client to have access to the unsealed minutes, these two documents? Basically for—and we're looking for three documents, basically for three reasons. First, she's got a statutory right under New York State law to the minutes that she pays for in New York Judiciary Law 300. Second, she wants to make a 440 motion to take back, to set aside the judgment in her case, and she needs those minutes so that we can—the defense can make an informed decision as to how to pursue that motion. Right, but you don't actually have—or maybe you do. Is there some specific claim that you're intending to make in the 440 motion? Or is this—you'd like to make a 440 motion, so you want to see what's in it, but it's not actually relevant to some specific claim that is already being pursued? Well, there's no claim being pursued right now, but there's a specific claim that the appellant would like to pursue. The claim is that she was coerced into pleading guilty upon information and belief, the information that she gave from her attorney and the proceedings in the courtroom, she feels that she was— So I guess the question is, so the courts who describe the materials you're trying to obtain as something involving the co-defendant, not involving your client, and then an ex parte matter involving the district attorney, why would those documents show that your client was coerced into pleading guilty? Well, first, a lot of these proceedings were taking place off the record, some of them with my client present, some of them without my client present, some of them were just the judge, the district attorney, and the DA present. Okay? So in order to find out what exactly was going on and who said what under what circumstances, we need the minutes. So it's essentially a phishing expedition. No, no, it's not a phishing expedition. We have sworn allegations to fact from the appellant that she was coerced. No, no, but I mean, with regard to the idea that something in these minutes is relevant to that, and the fact that you're saying that your client wasn't there for these proceedings and it appears to be that one of them related to a plea of a co-defendant, how does that— I mean, what reason is there to think that those types of proceedings are relevant to her claim of coercion? It seems like that's what I meant in terms of suggesting it seems as if it's a phishing expedition. That's a valid question. First, the indictment was never severed, so any proceeding that took place took place against both defendants because there was only one criminal action. Okay? Second, the minutes are relevant for us to put on a defense for the simple fact that State of New York set up this statute and replaced a writ of quorum notice in the 440 statute, and once they set up a statute for relief, the defendant should have an opportunity to make use of whatever means, statutes, or whatever she has to effect that relief. Finally, this is a public record because this has been a conviction in this case, and it should be open to the public at large. But you don't dispute the fact that trial courts do have authority to, under circumstances, seal records, that the right to public access to proceedings is not absolute, correct? No. And can I answer this question because my time is up for the court? Yes, you can answer it. Go ahead. Okay. I don't concede that the trial court has discretion to seal records. The question becomes, is that discretion unlimited and unfettered? And where the state has specifically limited the court's discretion in that regard Your argument in this case is that your client has a constitutional right to these records because it's depriving her of due process not to have them in order to seek some kind of post-conviction relief. It's a statutory and a constitutional argument. She's got a statutory right to the records under New York Judiciary Law 300. Yeah, but you're filing a 1983 action in federal court, so Correct. And the 1983 action is based on the due process violation whereby she has certain state rights that were violated by state officials. Our position is that gave a cause to a due process violation right there because she had a clear state entitlement, a clear state right to the minutes. And I guess you might say, well, maybe ultimately she won't be entitled to them, but the district court never even reached that question because of these threshold arguments. And so you don't need to show right now that she's entitled to the documents, I suppose. That's a valid analysis by the court. The district court reached one issue, really two issues. So we haven't spoken about the Rooker-Feldman question. So let me ask about that a little bit, which is when you filed the complaint in this case, the state proceedings hadn't ended, right? You had an appeal. This is why Younger could apply because there was still an appeal pending, right? Yes. So if Rooker-Feldman requires the state proceedings to have ended, including the appeals, then Rooker-Feldman would not be an obstacle to hearing the case. Well, our position is that Rooker-Feldman is not an obstacle because the injury took place well before the judgment. The judgment itself does not, per se, cause the injury. The injury was when the judge sealed the minutes, and then there was a motion in the criminal proceeding where the judge ruled that basically the attorney could not have the minutes. Okay, so our position is that Rooker-Feldman— You're saying that you're not asking the federal court to actually review the state court decision. No. You just want access to the minutes. Correct. We're not asking that the state court judgment be reversed or— But the decision in the Article 78 proceeding have been ultimately appealed to the Supreme Court. Is that something that's possible? Theoretically, that is something that's possible. That is something theoretically that is possible. But for abstention, our reading of the case law is that in certain situations, a party is required to exhaust state court remedies, and all state court remedies have been exhausted here. Okay. Thank you, Mr. LaBrieu. You've reserved three minutes for rebuttal, so we'll hear from you again. Thank you. Let's turn to the first appellee, Mr. Lawrence. May I remove my face mask, Your Honor? Yes, you may. At the podium, it's up to you to keep it on or remove it. Good morning. I'm David Lawrence III. I'm an assistant solicitor general appearing on behalf of defendant appellee Justice Juan Marchand. This court should affirm, based on younger abstention, the 11th Amendment, judicial immunity, and Appellant Christine's failure to state a claim. Younger abstention applies because at the time that the federal action was brought, there was a pending state court proceeding, namely Christina's Article 78 proceeding, challenging Justice Marchand's order denying her motion to unseal certain transcripts from her criminal case. This court indicated— The criminal prosecution had long been over, right? The criminal prosecution was over, but the civil proceedings— So usually when we talk about younger abstention, we're talking about a federal court intervening to kind of throw a wrench into some kind of ongoing state proceeding, typically a criminal proceeding or something akin to a criminal proceeding. But here, the whole proceeding was just about whether after the fact, after the whole criminal proceeding had ended, whether some records should remain sealed or should become unsealed. Like, how does that disrupt the New York court's ability to run its judicial system if it's well after the whole fact? There's all this language by the district court about how important it is to keep things sealed in order to— because if there wasn't the assurance of confidence, you couldn't run a prosecution or some other kind of proceeding, but those proceedings had all finished, so there was no interference with those proceedings, right? There was interference with the state court's decision and the state court's review as to whether those transcripts should remain sealed or unsealed, and at the time that the district court decided this action, the state Article 78 proceeding concerning that unsealing order was still pending. So that's where the interference comes in. Right, so it's interference just with the ability to keep it sealed or not keep it sealed, but it would not have disrupted any kind of criminal prosecution of Ms. Christina. Yes, Your Honor. It's well established that younger abstention can also apply in civil matters and— in civil matters that are akin to a criminal proceeding, right? Well, certainly the civil matter here is related to the criminal proceeding in that it has to do with whether the transcripts from the criminal proceeding should remain sealed or unsealed. Right, so when the Supreme Court has applied this prong of younger abstention about orders in furtherance of the state court's ability to run its judicial system, about, you know, orders about a contempt order to enforce compliance with a judgment or in posting an appeal, a bond-pending appeal, it's if the federal court had enjoined the state courts from issuing those orders, it would have undermined some kind of ongoing proceeding, and the court system couldn't run. But here there's just a very discreet question about whether, well, after the fact of a criminal prosecution, should these documents stay sealed or not stay sealed? Does the defendant have a right to see them or not? It may be a discreet question, Your Honor, but it's a question that goes to the heart of the manner in which the state courts manage their proceedings, whether they can keep proceedings confidential or not. I see that my time is almost up. I'd like to hit on—to address some other grounds for affirmance. This action is also barred by the 11th Amendment because Christina seeks to sue Justice Marchand in his official capacity for retrospective declaratory and injunctive relief, the relief that's sought as retrospective because Christina seeks a declaration that Justice Marchand acted unconstitutionally in the past by issuing his order denying unsealing. But she just wants access to the records now going forward, right? So the records are being withheld. They're sealed. She doesn't have access to them. And so in the future, she wants to see them, right? But that doesn't make the relief prospective. This court in the Simona case, which I cited in my brief, addressed a similar situation where this court held that the relief that was sought was retrospective where it concerned a denial of a leave to file motion in the state court. And that certainly had ongoing effects as to future actions that could be brought, but this court nonetheless held the relief that was sought was retrospective. Why would that be? So I guess my thought is, you know, in every normal case that indisputably involves prospective relief, so the normal ex parte young case, some official has made a decision to take some action and the claimant comes along and says, I want to enjoin that action from being taken going forward, and that's prospective relief. It's true that it requires the official to revisit the decision he made to take that action at some point in the past, but that would make everything retrospective relief if that was enough, right? The courts have limited the concept of prospective relief to situations where there is some sort of ongoing practice or some sort of effort to enjoin future proceedings. For instance, in Pulliam v. Allen, this concerned an ongoing practice of requiring bail for non-incarcerable offenses. In the Pathways case that I cited a footnote in my brief. If Christina had just gone to the clerk of court and said, I want these transcripts, and the clerk of court said, no, you can't have them, they're sealed, so then she sued, saying, I have an entitlement to the transcripts. That would be a claim for prospective relief, right? If the person were suing in the federal court alleging that the denial of the transcripts was unconstitutional, I believe that retrospective relief would be similar to a judge issuing an order that the transcripts may not be released. So when can an official ever do something where you're requiring prospective relief? You're saying whenever you ask an official to revisit a decision they made in the past, you're requiring retrospective relief, but you never make a claim for something an official is going to do in the future. Absolutely, you would, Your Honor. For instance, in the Pulliam case where there was an alleged ongoing practice, where Adelman v. Jordans, another Supreme Court case, where there was an alleged ongoing practice of not deciding welfare applications within the federal regulatory time limits. But they had made a decision in the past not to respect the federal regulatory time limits, right? Yes, and then there's – So that's why you're asking them to revisit that decision. So under your theory that, you know, asking anybody to revisit some early decision, it would be retrospective. If there's not an ongoing practice of repetitive such decisions – So it has to be a series of decisions? You can't just challenge one decision, it has to be a series of decisions? Excuse me, Your Honor? You're saying it has to be a series of separate decisions? No, what I'm saying is there has to be an ongoing practice. A single decision that was made in the past, that concerns a retrospective matter, not a prospective matter. But is it not the case that right now she wants the transcripts and the state court won't give them to her? The state court has already – yes, the state court has already decided that the transcript should not be provided, and that is a past act, and that's retrospective relief. Okay. I see that my time has expired. You can make one final point if you have one last comment. Just very briefly, judicial immunity, both common law and statutory, applies here, because, again, this is retrospective relief as to common law judicial immunity, as to statutory judicial immunity under Section 1983. There is no allegation that declaratory relief was denied or was unavailable. I have a question, actually, about the exemption in Section 1983. So it says that you can't have injunctive relief against a judicial officer, but you could have declaratory relief, right? Correct, Your Honor. It applies to the – So if she's seeking a declaration that the transcripts are being unlawfully withheld, she could obtain that relief, notwithstanding the provision in Section 1983, right? She just couldn't seek it. She just couldn't obtain an injunction directing the judge to provide it, but she could seek a declaration about her rights to the transcripts. As to the statutory judicial immunity, but not as to the common law judicial immunity, which would apply to both types of relief. Right, and that goes back to your question about whether this is prospective or retrospective. And as I've argued, it's retrospective because it concerns a past act. If I may just have – Go ahead. Briefly. Finally, Christina states no claim against Justice Marchand. She states no due process claim because, among other reasons, she has not plausibly alleged that he acted with an intent to deny her access to the courts by issuing his well-reasoned decision in order denying unsealing. And she also states no equal protection claim against Justice Marchand because she has not established that by denying unsealing, Justice Marchand treated her differently than a similarly situated individual, much less that there was no rational basis for any such difference in treatment. Unless the Court has any further questions, I ask that the Court affirm the judgment at dismissal below. Thank you. Thank you very much, Mr. Lawrence. We'll turn to the second appellee, Ms. McKee. Thank you. May I remove my mask? Yes. Thank you. Good morning and Happy New Year. My name is Robin McKee. I'm an assistant district attorney at the New York County District Attorney's Office, and I represent District Attorney Alvin Bragg, Jr. in this matter. At its core, this case is a state dispute. The sole allegation against the district attorney in his official capacity is that he opposed Ms. Christina's 2021 unsealing motion, conduct for which the district attorney is entitled to both absolute and 11th Amendment immunity. I note that the district attorney's name was changed in the captain when he was elected district attorney with a term starting in 2022. Obviously, District Attorney Bragg was not involved personally or officially in the 2012 prosecution or the 2021 unsealing motion. While the district court found it unnecessary to address immunity bars, having determined lack of jurisdiction on Younger and Rooker-Feldman grounds, this court may affirm on this alternate ground as well. We are here today because Ms. Christina wants a federal court to do what she has so far been unable to do. In the separate questions about the immunities, this also depends on the distinction between prospective and retrospective relief, right? Yes. So if we thought that this was a suit seeking prospective relief, the immunities would not apply? Yes. So then I guess I'll ask the same question. So is it not the case that Ms. Christina wants the transcripts going forward and the state is refusing to provide them and her injury would be redressed by a requirement that the state provide the transcripts in the future? So why isn't that prospective relief? Because the sought-after declaration is itself retrospective and amounts to a federal declaration and injunction requiring vacatur of a trial judge's prior order denied unsealing. So why would it require vacatur of that order? So the court could just say, okay, that's the order that applied in the past, but going forward we have a determination from a federal court that the 14th Amendment requires her to have access to the transcripts and so therefore going forward she'll have access to it. You don't have to go back and revisit the earlier decision if you got a judgment from a federal court. The relief requested asks the district court to direct the judge and the district attorney to allow the plaintiff to obtain the unsealed court minutes in her criminal case and grant a declaratory judgment stating she's entitled to unsealed court minutes. At the risk of stating the obvious, Ms. Christina is already entitled to unsealed minutes. Judge Mershon made that clear in his March 2021 decision in order. The only way to get currently sealed minutes unsealed and available to Ms. Christina is to overturn the state judge's prior sealing and unsealing denial decisions. They are two sides of the same coin. You can't accomplish one without the other. Yeah, I understand that the order from the federal court would be incompatible with the state court decision, but you don't actually have to go back and vacate it or review it or anything. You just say, okay, in the federal suit she's obtained the relief of being entitled to the transcripts going forward, right? Well, I think the effect of that declaration would be to overturn the sealing order. That is in effect, currently in effect. Okay, but the question here is whether it's prospective or retrospective, right? So is it not the case that from now into the future she could have entitlement to the transcripts and that would fully regress her injury and you would not have to do anything? There would be no damages for past conduct. There would be nothing to repair conduct in the past. It would all be about whether she gets it going forward, right? Isn't that what she's seeking? My response to that, Your Honor, is that nobody is entitled to sealed minutes without court permission. The district attorney is not entitled to obtain or even access sealed minutes nor is a defendant in a post-conviction posture. I think that's also relevant here. Well, that's a merits question, right? It is, but again, we're turning to the effect of a declaration would be necessarily a review and rejection of the prior sealing decisions, whether it was in 2012 or in 2021. So you're saying just whenever there's a past decision and whatever relief a federal court provides would conflict with that past decision, it automatically becomes retrospective relief, even if it's in order, just about an entitlement to minutes going forward? I would point out that Ms. Gristina raises no permissible general constitutional challenge to the state statute or allege another source of injury independent of the unsealing denial. And when the federal constitutional claims, as here, are inextricably intertwined with the state court judgment, the petitioner is essentially asking. You're talking about Rooker-Feldman. Yes. You're not talking about perspective versus retrospective. No, but I think that point applies to the perspective argument that you're making now. Well, Rooker-Feldman is not about perspective versus retrospective, right? It's about effectively appealing a state court judgment in a federal court. So I guess I have two questions about that. So one is she had an appeal still pending in the state proceedings when she filed this case, right? That is correct. So applying Rooker-Feldman here would require the determination that Rooker-Feldman applies, even if there are ongoing state appeals that are pending at the time of filing the federal suit, right? At the time that this suit was filed, Ms. Christina had lost her motion to unseal. Because the Rooker-Feldman doctrine applies to interlocutory decisions, that there was a parallel Article 78 proceeding is not dispositive, in my view, on the Rooker-Feldman issue. Well, yeah, but not all circuits have said that Rooker-Feldman applies to interlocutory decisions, right? No circuits that have addressed this question have said that when there are still pending appeals in state court, Rooker-Feldman doesn't apply. Well, I would point out that the Article 78 proceeding has been disposed of, and that application was denied. An appeal was denied. So she eventually lost that Article 78. Right, but just like the younger abstention question, don't we look at the application of Rooker-Feldman as of the time that the complaint was filed? At the time that this complaint was filed, Ms. Christina had lost in state court. Her unsealing motion had been denied. She had lost in the trial court, in the appellate division, and had a pending appeal to the New York Court of Appeals. Subsequent to her filing of the complaint, she did file an Article 78. Not attacking the original sealing decisions or the unsealing denial directly, but as a motion to compel unsealing based on the same constitutional arguments that she's making now, and that was denied. Does the Article 78 proceeding, could that end up in a cert petition to the Supreme Court? Is that something the Supreme Court could review? Yes, I think so. I assume it's never happened, but I guess in principle it could. I think in principle it could. I also would like to point out to the court that Ms. Christina still has avenues available to her in the state court system, particularly the CPL 440 motion that she's seeking to file. If she's granted a hearing in that application, she can make the same application before that judge to obtain minutes or anything else she thinks is relevant to proceed in that hearing. She also has available to her a CPL 5015 motion to reverse the order of the trial judge and, of course, the U.S. Supreme Court appeal avenue. And how does that fit into the arguments that the district court made? Does that implicate younger abstention or Rupert Feldman, the fact that she has these other state avenues? Yes. Or is it a separate argument? The fact that she has these other avenues, why is that an argument for affirming the district court here? Because she's claiming that she's been being precluded from being able to move forward with a motion to vacate. Right, so that's sort of like a merits question, right? Because her due process rights haven't been violated because she hasn't been deprived of avenues to obtain the records. Right, so maybe her claim fails. Maybe it would fail on a merits. But that would be a merits decision, right? Yes. Okay. Okay, thank you very much, Ms. McCabe. Thank you, Your Honor. We'll turn back to Mr. LaGru on rebuttal. Just briefly to the court. There's no appeal of Judge Mershon's motion. Appeals in the state of New York are covered by statute, and Judge Mershon's motion is not appealable. So there's no further review. What do we make of the fact that this Article 78 proceeding, if it had been successful, would have had the effect of the appeal because it would have overturned that order? Well, go ahead. No, I'm just saying, looking at the reality of what this Article 78 proceeding is, isn't it effectively an appeal? No, and that's something that I wanted to address with the court. The Article 78 proceeding is not an appeal. The appellate process is governed by CPL 450, and there's basically no appeal from Mershon's ruling. The Article 78 proceeding- If, in fact, you could appeal from the sealing order and get relief that way, how would that look different from what was sought and could be obtained through the Article 78? Because the Article 78 could have resulted in the unsealing. So I accept what you're saying. It's not technically an appeal of that, but if the effect of that is the same as what an appeal would look like, isn't it? In reality, the court is correct. The effect would be somewhat the same, but the critical thing here is that with the Article 78 proceeding, there was not really jurisdiction even to pursue that. That was a different type of proceeding. There wasn't jurisdiction to pursue unsealing of the minutes? I'm sorry, what are you- In the Article 78 proceeding in the state of New York, you have to have jurisdiction. The statute specifically says that a writ of mandamus and a writ of prohibition are not available in a criminal matter unless you have jurisdiction. And the New York courts have defined what jurisdiction is, and jurisdiction doesn't necessarily consist of a constitutional violation. So at its core, the Article 78 proceeding, you have to get in the door to be heard. You have to pigeonhole yourself to get in the door to be heard. So what happened was Justice Mershon in the trial court had denied a motion to unseal. And then you went to the appellate division in the Article 78 proceeding to seek mandamus, directing him to unseal. And then there was an appeal from that decision to the New York Court of Appeals. Correct. The court is correct. There was an ongoing proceeding in the state courts related to whether the thing would be sealed or unsealed, right? Yes, there was an ongoing proceeding, correct, at the time that the federal action started. But we would just like to address a couple other things. There are two vehicles that Ms. Cristino is in here for. First, the judiciary law. Second, she's got a right to the courts to make the 440 motion since the state set this up. Third, the district attorney has the minute. And finally, I'll just say this since I'm out of time, she's trying to get the minutes for two court appearances in her guilty plea. And what underlies our system of justice is open proceedings. The appearance, though, wasn't with regard to her guilty plea. Isn't the question that at least with respect to one of the dates, it relates to a co-defendant's guilty plea? I understand that you say that they were indicted together, what have you, but it's not her guilty plea. No, it's her guilty plea on the 25th of September. And it's two court appearances, one on the 13th of August and one on the 16th of August. Are you claiming you can't get the 25th of September transcript? I can't get a complete unredacted copy of all three of those dates. That's not what the record reflects. You don't have, you're saying now, my understanding was we had the transcript of the co-defendant's guilty plea and a transcript of an ex parte proceeding presumably involving some kind of searching or search warrant or something with the DA. I don't know what that was about, but that there were two transcripts. There's a third transcript of September 25th. Let me clarify, because it's in the papers. Can you tell me where so I can find that while you're clarifying? Yes, it should be in the appendix, the first, the felony complaint, and it's alleged in the felony complaint for three dates. And I can pull that up. I mean, not in the felony complaint, I'm thinking criminal in the complaint that's before this court. We're alleged three dates, the 13th of August, the 16th of August, and the 25th of September. The 25th of September was Anna Christina's guilty plea. On the 13th of August and the 16th of August, one date she didn't appear and the co-defendant appeared. The other date she appeared and the co-defendant didn't appear. All three of those dates, we do not have a complete copy of the minutes. Now, the court made a record in their decision where they said the minutes had been ordered and they were coming back and what have you. But we do not have those minutes. And in closing, unless the court has another question for me. Just to clarify what you just said, so the state court is not denying you access to the minutes, it's saying it's ordering a copy of them?  The court reporter has informed me that the minutes are sealed and they will not be unsealed and provided to Miss Christina unless she has an order from Judge Marchand. You can make your final point. And in closing, I would just like to say that one factor that underlies our system and why, when the founders came up here, our system of justice was set up, is to prevent secret proceedings like the Starr Chamber, inquisitions, the commission. Okay. The whole purpose here is openness. We don't challenge the judge's authority to make his discretion to make minutes private. Every judge does that in any particular case. We're saying that discretion is not unfettered and to use a draconian tactic to prevent the defendant from having the minutes, unless a better way to handle that is possible. It could be, okay, defendant, you can have the minutes, but you can't show them to nobody or some other type of... I think we have that point, Mr. LaBru. Thank you very much. Thank you, Your Honor. For your argument, the case is submitted. And since that is the last argued case on the calendar for today, we are adjourned. Thank you. Court stands adjourned.